UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTINA HALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15 CV 1755 JMB |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**[2]

This cause is on appeal from an adverse ruling of the Social Security Administration. The suit involves Applications for Disability Insurance Benefits under Title II of the Social Security Act, and Supplemental Security Income under Title XVI of the Act. The matter is fully briefed, and for the reasons discussed below, the Commissioner's decision is affirmed.

**I.     Procedural History**

On October 10, 2012, Plaintiff Christina Louise Hall ("Plaintiff") filed Applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq., and Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. §§

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All matters are pending before the undersigned United States Magistrate Judge with consent of the parties, pursuant to 28 U.S.C. § 636(c).

401 et. seq. (Tr. 157-69)[3] Plaintiff claimed that her disability began on September 1, 2102, as a result of bulging discs, diabetes, neuropathy, and depression. On initial consideration, the Social Security Administration denied Plaintiff's claims for benefits. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 15, 2014. Plaintiff testified and was represented by counsel. Vocational expert Delores Gonzalez and Angela Kyper, Plaintiff's best friend, also testified at the hearing. (Tr. 20-60, 142-44) Thereafter, on June 11, 2014, the ALJ issued a decision denying Plaintiff's claims for benefits. (Tr. 7-16) The Appeals Council found no basis for changing the ALJ's decision and denied Plaintiff's request for review on September 24, 2015. (Tr. 1-5)

Plaintiff filed the instant action on November 25, 2015. Plaintiff has exhausted her administrative remedies and the matter is properly before this Court. Plaintiff has been represented by counsel throughout all relevant proceedings.

In her brief to this Court, Plaintiff raises one issue - the ALJ committed reversible error when the ALJ posed an allegedly improperly formulated hypothetical question to the vocational expert. The Commissioner filed a detailed brief in opposition contending that the ALJ's decision is based upon substantial evidence.

As explained below, the Court has considered the entire record in this matter. Because the decision of the Commissioner is supported by substantial evidence, it will be affirmed. The undersigned will first summarize the decision of the ALJ and the administrative record. Next, the undersigned will address the issue Plaintiff raises in this Court.

---

[3]"Tr." refers to the page of the administrative record filed by the Defendant with her Answer (ECF No. 13/filed February 1, 2016).

## II. Decision of the ALJ

On June 11, 2014, the ALJ issued an adverse decision denying Plaintiff's request for DIB and SSI benefits. The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act on September 1, 2012, through the date of the ALJ's decision. (Tr. 12) The ALJ acknowledged that the administrative framework required him to follow a five-step, sequential process in evaluating Plaintiff's claim. (Tr. 11-12) At step one, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since September 1, 2012, the alleged onset date. (Tr. 12) At step two, the ALJ found Plaintiff had the following severe impairments during the relevant time period: degenerative disc disease, a history of right rotator cuff tear and repair, diabetic neuropathy, a major depressive disorder, and a post-traumatic stress disorder. (Tr. 12)

After summarizing Plaintiff's medical records, the ALJ concluded that she did not have an impairment or combination thereof that met or medically equaled an impairment of listing-level severity.[4] (Tr. 12-13)

In making his Residual Functional Capacity ("RFC") determination, the ALJ found that Plaintiff has the capacity to perform sedentary work to the extent the following nonexertional capabilities and limitations are included:

> a sit/stand option every thirty minutes and has been unable to: operate foot controls; reach overhead; crouch, kneel, crawl or climb ladders, ropes or scaffolds; stoop or climb stairs or ramps more than occasionally; feel more than occasionally; have

---

[4] The ALJ gave Plaintiff "the benefit of the doubt regarding the severity of [her] diabetes mellitus and obesity." (Tr. 12) The ALJ found several other impairments (e.g., carpal tunnel syndrome, learning disability, and attention deficit disorder) to be non-severe. Plaintiff does not challenge the ALJ's severity analysis here. Furthermore, at the administrative hearing, Plaintiff suggested that she meets Listing 12.04 (Tr. 25), but does not raise any concerns here with the ALJ's conclusion that she did not meet any physical or psychological listings.

concentrated exposure to heat or cold; or have any exposure to hazardous heights, hazardous machinery or extreme vibration. The work must also permit elevation of the feet to a height of one foot, and the tasks had to be simple in nature and performed in a low-stress environment ("low stress" being defined as requiring no more than occasional workplace changes, involving no interaction with the public, and involving only casual contact with co-workers).

(Tr. 13)

When assessing Plaintiff's RFC, the ALJ made an adverse credibility finding. In particular, the ALJ found Plaintiff's "activities of daily living ... indicate a good ability to stand, walk, sit, handle objects, concentrate, finish tasks and otherwise function." (Tr. 15) The ALJ noted that Plaintiff had a wide range of daily activities including independent living, tending to her personal needs, performing household chores, preparing meals, caring for an elderly woman, caring for pets, helping her grandmother, driving, traveling by walking, shopping, attending church, and making jewelry and flower arrangements. (Tr. 12-13, 15) The ALJ concluded that Plaintiff exaggerated her symptoms and complaints. For instance, there was no support in the record for her testimony that a doctor recommend her "to elevate her legs above heart level two to three times a day for thirty-minutes at a time." (Tr. 15) Instead, the medical records noted edema was not a symptom. The ALJ found the record did not support Plaintiff's need to use a motorized scooter when shopping, and this testimony was inconsistent with a function report wherein Plaintiff admitted having the ability to travel by walking. (Tr. 13, 15, 194, 197) The ALJ also noted that although Plaintiff testified that she experiences pain daily, she admitted that analgesics reduced the level to a three on a scale of one to ten.

The ALJ found that Plaintiff is unable to perform any past relevant work. Based on testimony from the vocational expert, the ALJ further concluded that, considering Plaintiff's age,

education, work experience, and RFC, there was work existing in significant numbers in the national economy she could perform, including an addresser. (Tr. 15-16)

III. **Evidence Before the ALJ**

The administrative record in this matter includes voluminous medical records. Although the Court has carefully considered all of the evidence in the administrative record in determining whether the Commissioner's adverse decision is supported by substantial evidence, only the records most relevant to the ALJ's decision and the issue raised by Plaintiff on this appeal are specifically discussed. The following is a summary of pertinent portions of the record.

A. **The Hearing Before the ALJ**

The ALJ conducted a hearing on April 15, 2014. Plaintiff was present and represented by an attorney. Also present was a Vocational Expert Delores Gonzalez ("VE") and Angela Kyper.

1. **Plaintiff's Testimony**

At the outset of the hearing, the ALJ offered Plaintiff to do whatever she needed to do to make herself comfortable during the hearing. (Tr. 23) Plaintiff testified primarily in response to questions posed by her attorney, with additional questions interjected by the ALJ. At the time of her hearing, Plaintiff was forty -seven years old and weighed 262 pounds. Plaintiff had a current driver's license. (Tr. 26) Plaintiff testified that she completed the ninth grade, and she receives Medicaid and food stamps. (Tr. 27-28)

Plaintiff testified that her work history included a home-health aide job for two years, and this job required her to lift patients. (Tr. 29) Plaintiff stopped working when the company closed. Plaintiff testified that she could no longer work as a home-health aide because she can no longer physically take care of the patients. (Tr. 30)

Plaintiff testified that she experiences pain in her back, legs, and right shoulder. (Tr. 33) Plaintiff has problems lifting her arms above her head and balancing. (Id.) When Plaintiff takes pain medication two to three times a day, her pain level goes down from a six or seven to a three. (Tr. 35) Plaintiff testified that her blood sugars run between a 140 to a 260, and she has neuropathy in her feet and hands. (Tr. 36-37) Plaintiff has problems walking on uneven surfaces. To alleviate her pain, Plaintiff testified that she elevates her feet above her heart in a recliner chair two to three times a day for thirty minutes. (Tr. 38-39)

Plaintiff testified that Dr. Afain, a psychiatrist at Crider Health Center, provides treatment for depression and post-traumatic stress disorder. (Tr. 40) Plaintiff has mood swings. (Tr. 41)

Plaintiff testified that she can sit for ten to fifteen minutes and then she has to move around. (Tr. 43) Plaintiff can walk a block, stand for ten minutes, and lift no more than ten pounds. (Tr. 43-44) Plaintiff testified that she has problems maintaining concentration or paying attention due to her learning disability. (Tr. 45)

### 2. **Angela Kyper's Testimony**

Angela Kyper, Plaintiff's friend of twenty-five years, testified that of late, she has noticed that Plaintiff has problems walking and sitting, and Plaintiff cries and keeps more to herself.

### 3. **Testimony of Vocational Expert Delores Gonzalez**

Vocational Expert ("VE") Delores Gonzalez testified at the hearing. The VE ideone job, a home-health aide, she considered to be Plaintiff's past relevant work. (Tr. 51)

The ALJ asked the VE to assume someone similar to Plaintiff in age, education, and work experience with the ability to perform work within the sedentary level with the following exertional limitations:

> This individual is unable to operate foot control operations; is unable to climb ladders, ropes; or scaffolds; unable to kneel; crouch; or crawl. This individual can occasionally climb ramps; or stairs; and occasionally stoop. This individual is unable to reach overhead bilaterally. This individual is to avoid concentrated exposure to extreme cold, extreme heat. This individual is to avoid all exposure to extreme vibration; operation control of moving machinery; working in unprotected heights; and the use of any hazardous machinery. Further this individual is limited to occupations that involve only simple; routine; repetitive tasks; and a low-stress job, defined as jobs where – that require only occasional decision making; and have only occasional changes of work setting occur. Lastly this individual is to have no interaction with the public, and no interaction with coworkers. However, contact with coworkers can still occur as long as that contact is schedule and infrequent. ... Would there be other jobs in the national or local economy that such an individual could perform?

(Tr. 51-52) The VE opined that such hypothetical individual could not perform Plaintiff's past relevant work due to exertional reasons but such individual could work as an addresser, a document preparer, and a press clippings cutter. (Tr. 52) Even when the ALJ then specifically added limitations with the ability to feel bilaterally on a frequent basis and a sit/stand option once every thirty minutes, the VE opined that the individual could still perform the jobs she cited in response to the first hypothetical. (Tr. 52-53)

But when the ALJ asked the VE to assume that the hypothetical individual would require the need to elevate both legs up to one foot off the floor during the work day, the VE explained that the individual could not perform the document preparer or the press clipping jobs but the individual could still work as an addresser. (Tr. 53-54) Additionally, the VE found the individual would be unemployable if she had to elevate her legs up to waist level off the floor. (Tr. 54)

### B. Forms Completed by Plaintiff

In her Function Report - Adult, completed on November 29, 2012, Plaintiff reported using a motorized vehicle when shopping as well as being able to travel by walking and driving a car. (Tr. 194)

### C. Medical Records Evidence

The medical evidence in the record shows that Plaintiff has a history of major depressive disorder, post-traumatic stress disorder, right shoulder and neck pain, diabetes, obesity, hypertension, low back pain, plantar fasciitis, degenerative disc disease, history of right rotator cuff tear and repair, and neuropathy. (Tr. 218-966) Although the Court has carefully considered all of the evidence in the administrative record in determining whether the Commissioner's adverse decision is supported by substantial evidence, only the records relevant to the ALJ's decision and the issues raised by Plaintiff on this appeal are discussed.

### IV. Standard of Review and Analytical Framework

To be eligible for Disability Insurance Benefits ("DIB"), Plaintiff must prove that she is disabled. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Additionally, a claimant will be found to have a disability "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The Commissioner has promulgated regulations outlining a five-step process to guide an

ALJ in determining whether an individual is disabled. First, the ALJ must determine whether the individual is engaged in "substantial gainful activity." If she is, then she is not eligible for disability benefits. 20 C.F.R. § 404. 1520(b). If she is not, the ALJ must consider step two which asks whether the individual has a "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, she is not eligible for disability benefits. If the claimant has a severe impairment, the ALJ proceeds to step three and determines whether the impairment meets or is equal to one determined by the Commissioner to be conclusively disabling. If the impairment is specifically listed, or is equal to a listed impairment, the claimant will be found disabled. 20 C.F.R. § 404.1520(d). If the impairment is not listed, or is not the equivalent of a listed impairment, the ALJ proceeds to step four which asks whether the claimant is capable of doing past relevant work. If the claimant can still perform past work, she is not disabled. 20 C.F.R. § 404.1520(e). If the claimant cannot perform past work, the ALJ proceeds to step five to determine whether the claimant is capable of performing other work in the national economy. In step five, the ALJ must consider the claimant's "age, education, and past work experience." Only if a claimant is found incapable of performing other work in the national economy will she be found disabled. 20 C.F.R. § 404.1520(f); see also Bowen, 482 U.S. at 140-41 (explaining five-step process).

Court review of an ALJ's disability determination is narrow; the ALJ's findings will be affirmed if they are supported by "substantial evidence on the record as a whole." Pearsall, 274 F.3d at 1217. Substantial evidence has been defined as "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Id. The Court's

review "is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). The Court will affirm the Commissioner's decision as long as there is substantial evidence in the record to support his findings, regardless of whether substantial evidence exists to support a different conclusion. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).

In reviewing the Commissioner's decision, the Court must review the entire administrative record and consider:

1. The credibility findings made by the ALJ.

2. The claimant's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The claimant's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the claimant's impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

Stewart v. Secretary of Health & Human Servs., 957 F.2d 581, 585-86 (8th Cir. 1992) (quoting Cruse v. Bowen, 867 F.2d 1183, 1184-85 (8th Cir. 1989)).

Finally, a reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id.; see also McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if

substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome").

V.  **Analysis of Issue Presented**[5]

In her brief to this Court, Plaintiff raises a single issue that requires consideration of several of the ALJ's decisions. In substance, Plaintiff takes issue with the ALJ's RFC assessment. The ALJ included a limitation that Plaintiff be permitted to elevate her feet to a height of one foot, but Plaintiff testified that she needed to elevate her feet above her heart. Plaintiff contends that, even if the ALJ did not credit her testimony, there is no support for the ALJ's one-foot elevation limitation. Thus, according to Plaintiff, the ALJ committed reversible error, and posed an improperly formulated hypothetical question to the VE, when the ALJ included the one-foot elevation requirement. As explained below, the Court finds the ALJ did not err in formulating the hypothetical question to the VE. Accordingly, substantial evidence in the record as a whole supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Act.

"Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question that captures the concrete consequences of a claimant's

---

[5]Plaintiff does not challenge the ALJ's adverse credibility determination in her Brief. Moreover, the Court finds the ALJ complied with the strictures of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and there is substantial evidence in the record to support the ALJ's analysis of Plaintiff's credibility. A review of the ALJ's decision shows he discredited Plaintiff's subjective complaints for good reason and thoroughly discussed the medical evidence of record and inconsistencies in the record, and Plaintiff's activities of daily living, in support of his adverse credibility determination. See Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016) (explaining that "[c]redibility determinations are the province of the ALJ" and the deference owed to such determinations); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the [plaintiff's] testimony and gives good reasons for doing so, [the reviewing court] will normally defer to the ALJ's credibility determination").

deficiencies." Porch v. Chater 115 F.3d 567, 572 (8th Cir. 1997). The ALJ's hypothetical question posed to a vocational expert need not include alleged impairments which the ALJ has rejected as untrue, only those impairments and limitations found credible by the ALJ, and supported by substantial evidence. See McCoy v. Astrue, 648 F.3d 605, 617 (8th Cir. 2011); Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) ("[T]he ALJ's hypothetical question must include the impairments the ALJ finds are substantially supported by the record as a whole."). The hypothetical question may not contain assumptions not supported by the record. Tennant v. Schweiker, 682 F.2d 707, 711 (1982).

The ALJ may seek the opinion of a vocational expert regarding jobs the claimant can perform. Pearsall, 274 F.3d at 1219. The vocational expert will be asked to respond to a hypothetical question, posed by the ALJ, which includes all of the impairments of the claimant. The question must "precisely set out the claimant's particular physical and mental impairments." Leoux v. Schweiker, 732 F.2d 1385, 1388 (8th Cir. 1984). Here, the ALJ posed a hypothetical to the VE which included all of Plaintiff's credible limitations. See Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012) (ALJ need only include in hypothetical to vocational expert limitations which he finds credible). The VE testified that there was work in the national economy which Plaintiff could perform. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) ("Based on our previous conclusion ... that 'the ALJ's findings of [the claimant's] RFC are supported by substantial evidence,' supporting the Commissioner's denial of benefits.'") (quoting Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006)); Robson v. Astrue, 526 F.3d 389, 392 (8th Cir. 2008) (holding that a vocational expert's testimony is substantial evidence when it is based on an accurately phrased hypothetical capturing the concrete consequences of a claimant's limitations).

When assessing Plaintiff's RFC, the ALJ also evaluated her credibility and found Plaintiff's subjective complaints were not entirely credible. At the administrative hearing, Plaintiff testified that she elevates her feet above her heart in a recliner chair two to three times a day for thirty minutes to alleviate her pain. The ALJ clearly rejected Plaintiff's testimony regarding her need to elevate her feet above heart level, stating "the record does not show that a physician recommended this practice. [The record] does not even show that edema was a symptom." (Tr. 15) To the extent Plaintiff claims the ALJ should have included a greater limitation than he did, the ALJ considered all of Plaintiff's limitations which he found credible when formulating Plaintiff's RFC. See Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, including medical records, observations of treating physicians and others, and an individual's own descritpion of his limitations).

"[T]he burden of persuasion to prove disability and demonstrate RFC remains on the claimant." Vossen v. Astrue, 612 F.3d 1022, 1016 (8th Cir. 2010) As already noted, the ALJ properly discounted Plaintiff's credibility regarding her subjective complaints. Moreover, Plaintiff has offered no support in the record for her contention that she must elevate her feet at all, let alone above heart level. Thus, the ALJ simply gave Plaintiff the benefit of the doubt by including a one-foot elevation restriction. In fact, having considered the record in this matter, substantial evidence would have supported an RFC that lacked any elevation limitation. Therefore, the undersigned finds that any error associated with the one-foot elevation limitation was harmless. See Brueggemann v. Barnhart, 348 F.3d 689, 695 (8th Cir. 2003).

In summary, the undersigned finds that substantial evidence supports the ALJ's RFC

determination, and because the hypothetical question posed to the VE accurately reflected that RFC. Therefore, the ALJ could properly rely on the VE's testimony at step five. Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled because she retained the RFC to perform work that exists in the national economy.

Plaintiff failed to satisfy her burden of proving physical limitations greater than those assessed by the ALJ, and the vocational expert's testimony provided substantial evidence to support the ALJ's determination that Plaintiff could perform sedentary work with the exceptions set forth. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005) (concluding the ALJ "properly included only those limitations supported by the record as a whole in the hypothetical" and stating "[a] vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence.") (quotation omitted). Accordingly, Plaintiff's claim that the hypothetical opinion given by the vocational expert was flawed should be denied. This claim is without merit inasmuch as the hypothetical question included those impairments the ALJ found credible.

## VI. Conclusion

For the foregoing reasons, the ALJ's decision is supported by substantial evidence on the record as a whole. An ALJ's decision is not to be disturbed "'so long as the ... decision falls within the available zone of choice. An ALJ's decision is not outside the zone of choice simply because [the Court] might have reached a different conclusions had [the Court] been the initial finder of fact.'" Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011) (quoting Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008)). Although Plaintiff articulates why a different conclusion might have been reached, the ALJ's decision, and, therefore, the Commissioner's, was within the zone of choice and should not be reversed for the reasons set forth above. Accordingly, the

undersigned finds that the decision of the ALJ denying Plaintiff's claims for benefits should be affirmed.

**IT IS HEREBY ORDERED** that the final decision of the Commissioner denying social security benefits be **AFFIRMED**.

A separate Judgment shall be entered this day.

                                    /s/ John M. Bodenhausen
                                UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of March, 2017.